YIM QUON AND WONG LEONG, ASSIGNEES, *vs.* CONCHEE AND AHUNG.

ON EXCEPTIONS.

A FIRM which owed more than the value of their property, mortgaged it all to secure a creditor whose debt was overdue and who knew the firm was insolvent. One of the firm absconded from the Kingdom with the knowledge of his copartners taking a large part of the firm's assets with him;

HELD, the mortgage so taken was void as against other creditors.

Opinion of the Court by HARRIS, C. J.

A small Chinese firm, doing business at the corner of Hotel and Smith streets in Honolulu, were owing to one of the plaintiffs in this case, in the month of October, a note of $115,

Yim Quon and Wong Leong, Assignees, *v.* Conchee and Ahung.

which they were unable to pay. The evidence says that the payee of this note extended it to January; but it does not appear by inspection of the note, that the plaintiff did anything more than simply to say, that as he could not pay it, he would give him a month or two more; so that the note was no less due than it was before; and its being due and unpaid, is just as much an act of bankruptcy as though the payee of it had not exercised forbearance.

At the same time the same firm owed these defendants the sum of $1,500, and likewise owed Chulan & Co. the sum of $2,000. The defendants had Chulan & Co.'s debt transferred to them, and gave their note for it and demanded their debt, and told them if they could not pay to give a mortgage for it. They all admit that Yim Quon had told the defendants that his debt was due. One of the partners of the debtor concern left in the latter days of November, 1879, taking with him $1,000.

It would appear from all the circumstances that he left with the knowledge of his partners; and that the $1,000 was the main portion, or quite all their ready money; for their store, stock in trade, lease and all, only realized $1,855.20 at the closing out sale.

Now, no one supposes that the leaving of one of the members of the firm, or even the absconding of a member of a firm, would necessarily be an act of bankruptcy. But the circumstances of this case justify this Court in coming to the conclusion that when this man left with debts overdue, much exceeding the whole of their means, and taking with him a large sum of money, he left with the knowledge of his partners. They all, therefore, were combining to defraud their creditors, and conniving at the absconding of their partner.

It is to be inferred from the testimony, that Chulan & Co.'s debt, as well as the debt due Conchee & Ahung, and the debt due these plaintiffs had been over due more than ten days; and it is certain that the estate was insolvent at the time of

making this mortgage; and the mortgage itself tends to confirm the knowledge of the defendants in that matter, for the note was taken in payment for the consolidated debt, December 3d, payable on demand, and the mortgage was taken on the whole premises, and all the stock in trade with condition of entry in ten days after demand, and with further condition of sale at private sale. Surely it cannot be said that the mortgagers are *bona fide* purchasers for a good consideration having no notice of the insolvency or bankruptcy at the time of receiving the mortgage. They knew that this firm was insolvent. It was the very reason why they sought the mortgage. They appear to have known all the circumstances just as certainly as they know it now. They gave no new sum of money to the mortgagor. The mortgage was not given for the purpose of enabling the insolvent firm to carry on business, but on the contrary, it was in point of fact given and received for the purpose of closing out the business and vesting the whole property in the hands of the defendants to the exclusion of all other creditors, and by the statute, such conveyances made under such circumstances are void.

Our judgment is that this mortgage is void, and, therefore, the judgment given at the October Term, 1880, is affirmed.

We take occasion to say that all the points raised by the defendants were clearly a matter for the jury, and, therefore, were as conclusively passed upon by the justice, jury having been waived, as if the jury had passed upon them; and though we have reviewed the circumstances connected with this transaction, we do not desire it to be understood that we will on any future occasion, review the facts found by a Justice sitting, jury waived.

Preston & Brown for plaintiffs.

A. S. Hartwell for defendants.

Honolulu, February 16, 1881.